Assignment of Errors—Opinion of the Court.    [242 Pa.

the refusal of the court to direct a verdict for defendant, and to enter judgment for defendant non obstante veredicto.

*John P. Pinkerton*, with him *John B. Keenan*, for appellant.

*Edward E. Robbins* and *Adam M. Wyant* submitted a paper book for appellee.

PER CURIAM, November 7, 1913:

The only question for determination on this appeal is whether the written agreement, which is the basis of appellee's claim, was a contract of sale or a mere option. It was clearly the former. The learned trial judge correctly so construed it, and the judgment for the plaintiff is affirmed on the opinion denying judgment for the defendant non obstante veredicto.

---

# Improved Traction Engine Company, Appellant, v. Christner.

*Contracts—Sales—Condition sales—Case for jury.*

In an action to recover the price of a traction engine and two trucks sold and delivered to the defendant, where plaintiff claimed that the sale was for cash without conditions, and defendant contended that plaintiff at the time of sale had guaranteed that the engine and trucks would do the work for which defendant desired them, and that defendant could test them and should pay for them only if found satisfactory, and that they were tested and found unsatisfactory and worthless, and that plaintiff was promptly notified of that fact, the case was held to be for the jury, and a verdict and judgment for the plaintiff was sustained.

Argued October 10, 1913. Appeal, No. 56, Oct. T., 1913, by plaintiff, from judgment of C. P., Somerset Co., Sept. T., 1910, No. 361, on verdict for plaintiff in case of Improved Traction Engine Company, a corpora-

tion, v. M. Christner.  Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Assumpsit to recover the price of a traction engine and two trucks alleged to have been sold and delivered to defendant.  Before INGRAHAM, P. J., specially presiding.

From the record it appeared that defendant was operating a lumber plant in Virginia, and desired to procure a traction engine to haul the lumber from the plant to the railroad.  He went to plaintiff's works, to buy a new traction engine for this purpose, and was informed that plaintiff had no new engine on hand, but that they knew of an engine of their make in West Virginia, which had been used for a short time, and which could be purchased.  A few days thereafter plaintiff's salesman and defendant went to West Virginia, and after an examination of the engine and trucks plaintiff purchased them from the Eastern Lumber Company, and, plaintiff contended, resold them to defendant.  Defendant contended that the engine and trucks were delivered to him under an agreement that he might test them and should pay for them only if satisfactory; that upon the arrival of the engine at his lumber plant in Virginia, he gave it a thorough test for about four or five weeks, and found it would not haul the required quantity of lumber and that it was entirely worn out and useless, of which he promptly notified plaintiff.  Plaintiff denied that its salesman had guaranteed that the engine would do the work, or that the sale was conditional on the engine proving satisfactory.  The court left the disputed questions of fact to the jury.

Verdict for defendant and judgment thereon.  Plaintiff appealed.

*Errors assigned* were answers to points, various rulings of the trial judge, and the refusal of the court to enter judgment for plaintiff n. o. v.

Charles H. Ealy, with him Charles F. Uhl, Jr., for appellant.

C. W. Walker and Alexander King, for appellee, were not heard.

PER CURIAM, November 7, 1913:

On the trial of this case a single question of fact was involved. The trial judge, after stating to the jury what was claimed by the plaintiff on the one hand and the defendant on the other, instructed them that their duty was to determine from the evidence what the truth was as to the dispute between the parties. In a case as simple as this, involving only a question of fact, an appeal by the losing party is seldom, if ever, advisable. This record is free from any semblance of error, and the judgment is affirmed.